UNITED STATES of America, Plaintiff,

v.

The CITY OF TORRANCE, et al., Defendants.

No. CV 93–4142–MRP (RMCx).

United States District Court, C.D. California.

July 25, 1995.

John L. Fellows, III, Torrance City Attorney, Torrance, CA and Wayne S. Flick, Latham & Watkins, Los Angeles, CA, for movant.

Phillip K. Eure and David Y. Chen, U.S. Dept. of Justice, Civil Rights Division, Washington, D.C., for the U.S.

MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO COMPEL DISCOVERY AND PLAINTIFF'S MOTION SEEKING PROTECTIVE ORDER

CHAPMAN, United States Magistrate Judge.

On June 13, 1995, plaintiff and defendants both filed Motions to Compel Discovery and Motions Seeking Protective Orders; Joint Stipulation re Motions to Compel Discovery and Protective Orders; and Supporting Memoranda of Points and Authorities. Plaintiff also filed Declaration of David Y. Chen, with supporting exhibits. Defendants filed Declaration of Wayne S. Flick, with supporting exhibits. On July 19, 1995, defendants filed a Supplemental Brief. Said motions are presently pending.

## BACKGROUND

On July 14, 1993, plaintiff filed a Title VII action under 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1964. The Court, on September 23, 1993, granted defendants' Motion For a More Definite Statement, and on October 21, 1993, plaintiff filed a First Amended Complaint. Plaintiff alleges that defendants, in the hiring of police officers and firefighters, "have pursued and continue to pursue policies and practices that have discriminated against blacks, Hispanics and Asians and that have deprived or tended to deprive ... [them] of employment opportunities on the basis of race and/or national origin." (Paragraph 16)

Fact discovery was scheduled to end on February 28, 1995. During expert discovery, defendants served a subpoena duces tecum on plaintiff, pursuant to Rule 45, demanding the production of documents used by plaintiff's statistical expert, Dr. John Miller, in forming his opinions. On May 17, 1995, plaintiff provided a privilege log to defendants, identifying nine documents Dr. Miller would not produce at his deposition and claiming the applicability of work product doctrine. On May 18 and May 19, 1995, defendants took the deposition of Dr. Miller. At the deposition, Dr. Miller testified he was

592

shown the documents prior to the deposition. He produced all documents used in forming his opinion, but he refused to produce the nine documents listed in the log. Plaintiff also argues that the documents need not be disclosed because they were not relied on by Dr. Miller in forming his opinions. Defendants contend that the documents are ordinary work product, which is subject to discovery when shared with an expert witness, rather than opinion work product, which should be protected. Defendants also contend that it is not significant that Dr. Miller did not rely on the documents; rather, it is significant that he may have considered and rejected the documents in forming his opinions.

The parties have met and conferred, pursuant to Local Rule 7.15, and defendants have narrowed their motion. Defendants now seek to compel production of four of the nine documents: (1) letter dated January 17, 1995, and attachments, from plaintiff's consulting expert to William B. Fenton, Deputy Chief, Employment Litigation Section, United States Department of Justice (hereinafter Fenton), describing data base programs and files; (2) letter dated January 17, 1995, and attachment, from attorney David Y. Chen (hereinafter Chen), discussing creation of data base by Department of Justice's Litigation Support Services Group; (3) letter dated January 24, 1995, and attachments, from plaintiff's consulting expert to Fenton, describing data base programs and files; and (4) facsimile cover page and electronic mail message from paralegal Kathleen Roso, Department of Justice's Litigation Support Services Group, to Chen, asking questions about data base creation.

## DISCUSSION

■ Federal Rules of Civil Procedure 26(b)(1) provides for discovery in civil actions, as follows:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identify and location of persons having knowledge of any discoverable matters. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26 further permits the discovery of information which "may simply relate to the *credibility* of a witness or other evidence in the case." Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial,* § 11.21 (1994 revised). (emphasis in original)

Generally, the purpose of discovery is to remove surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. As commented upon by one court:

"A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."

*Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan. 1993).

■ The documents defendants seek fall into two separate categories: (1) Documents 1 and 3 are letters, and attachments, from plaintiff's consulting expert to plaintiff's counsel, describing data base programs and files; and (2) documents 2 and 4 are letters from plaintiff's counsel or among plaintiff's counsel (and paralegal). The work product doctrine limits discovery of material obtained and prepared by an attorney or the attorney's agent in anticipation of litigation or preparation for trial. *See Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1945). The doctrine establishes a qualified

immunity, rather than a privilege, and the qualification of the immunity is to be determined upon a showing of necessity or good cause. *Id.; Admiral Ins. Co. v. U.S. District Court.*, 881 F.2d 1486, 1494 (9th Cir.1989); *Doubleday v. Ruh*, 149 F.R.D. 601, 605 n. 3 (E.D.Cal.1993). The party claiming work product immunity has the burden of proving the applicability of the doctrine. *See e.g., Nutmeg Ins. Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504 (W.D.La.1988).

 "As originally articulated[,] ... the purpose of the work product doctrine was to preserve 'the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.' In developing the work product doctrine the [Supreme] court focused exclusively on the privacy interests of lawyers, on shielding 'the privacy of an attorney's course of preparation.'" *Hewlett–Packard Co. v. Bausch & Lomb, Inc.*, 116 F.R.D. 533, 538 (N.D.Colo.1987). One of the primary purposes of the work product doctrine is to prevent one party from exploiting the other party's efforts to prepare for litigation. *Admiral Ins. Co.*, 881 F.2d at 1494. "[T]he private mental impressions and legal theories of counsel" are the work product to be protected. *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 391 (N.D.Ca.1991), *aff'd without op.* 991 F.2d 808 (Fed.Cir.1993). Counsel must be afforded the opportunity "to think dispassionately and creatively about his client's case in private [and] ... to ... have[ ] uninhibited, roaming, educational interchanges with experts...." *Id.* at 392.

 Documents 1 and 3 are not plaintiff's counsel's "private mental impressions and legal theories" and, thus, are not protected by the work product doctrine. When counsel forwards documents prepared by a non-testifying consultant to a testifying expert, they become discoverable. Any protection the documents may have had no longer applies. "In general, the work-product privilege has been held not to apply to opinions and documents generated *or consulted* by an expert retained to testify at trial." *County of Suffolk v. Long Island Lighting Co.*, 122 F.R.D. 120, 122 (E.D.N.Y.1988) (emphasis

added.) (citations omitted.) Rule 26(b)(4) "has been broadly interpreted to authorize disclosure of both expert opinions and 'all the documents the expert generated *or examined* in the process of forming those opinions.'" *Id.*, (quoting *Hewlett–Packard*, 116 F.R.D. at 536). (emphasis added.)

 Documents 2 and 4 are work product, albeit opinion work product. The courts are not consistent in compelling the production of opinion work product, but the approach which is most consistent with the purpose of the Federal Rules of Civil Procedure is to require disclosure. "[A]bsent an extraordinary showing of unfairness that goes well beyond the interest generally protected by the work product doctrine, written and oral communications from a lawyer to an expert that are related to matters about which the expert will offer testimony are discoverable, even when those communications would be deemed opinion work product." *Intermedics*, 139 F.R.D. at 387.

Discovery of documents shown to an expert assures the "independence of the expert's thinking, both her analysis and her conclusions. The risk is that the lawyer will do the thinking for the expert, or, more subtly, that the expert will be influenced, perhaps appreciably, by the way the lawyer presents or discusses the information." *Id.* at 393. "What the [Advisory] Committee sought to promote [in the 1970 amendments to Rule 26] was a fair opportunity to expose whatever weaknesses, unreliabilities, or biases might infect the opinions of testifying experts called by adverse party. Pursuit of such fairness would have been thoroughly frustrated if the rule prohibited a party from showing that the opinions an expert was presenting at trial as his own had in fact been spoon fed to him and written for him by the lawyer who retained him." *Id.* at 389.

 Plaintiff's objection that the documents are not discoverable because Dr. Miller did not consider them in reaching his opinions is without merit. "Where the expert has acquired information relevant to his opinion, defendants should not be bound by his statement that he did not consider it." *Suffolk*, 122 F.R.D. at 123. The scope of

discovery should not be limited to documents relied on by the expert in support of his opinions, but should extend to documents "'considered but rejected by the testifying expert in reaching opinions.' ... '[I]n fact, the documents considered but rejected by the expert trial witness could be even more important for cross-examination than those actually relied upon by him.'" *Intermedics,* 139 F.R.D. at 390 n. 6, (quoting *Eliasen v. Hamilton,* 111 F.R.D. 396, 400 n. 5 (N.D.Ill. 1986)). "Even if the work-product privilege applies, defendants' need to uncover facts to effectively cross-examine a significant expert witness on his interest in the case would constitute a showing sufficient to overcome the privilege." *Suffolk,* 122 F.R.D. at 123. Thus, the documents are relevant to Dr. Miller's opinions and credibility, and are discoverable.

■■■ Rule 26(c) governs the granting of protective orders. A protective order should be granted when the party seeking a protective order establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Plaintiff has not shown with particularity or specificity "good cause" for the granting of a protective order. Thus, plaintiff's motion for a protective order is without merit.

### ORDER

1. Defendants' Motion to Compel Discovery is GRANTED. Plaintiff shall, within ten (10) days, produce for inspection and copying by defendants, at a mutually convenient location, documents 1 through 4 listed on the May 17, 1995 privilege log re the deposition of Dr. John Miller.

2. Plaintiff's Motion for Protective Order is DENIED.