VERIZON CALIFORNIA INC., etc.

v.

RONALD A. KATZ TECHNOLOGY
LICENSING, L.P., etc.

No. CV01–9871RGK(RCx).

United States District Court,
C.D. California.

April 2, 2003.

William C. Rooklidge, Howrey, Simon, Arnold & White, LLP, Irvine, CA, for plaintiff.

Donald L. Ridge, Morris, Polich & Purdy LLP, Los Angeles, CA, Roderick R. McKelvie, Christopher Harnett, Fish & Neave, Washington, DC, for defendant.

## PROCEEDINGS: (IN CHAMBERS) DEFENDANT'S MOTION FOR RELIEF FROM OR TO MODIFY THE PROTECTIVE ORDER

CHAPMAN, United States Magistrate Judge.

On March 18, 2003, defendant Ronald A. Katz Technology Licensing, L.P. ("Katz") filed a notice of motion and motion for relief from or to modify the protective order, with a supporting memorandum of points and authorities ("Memo.") and the supporting declaration of Roderick L. McKelvie and exhibits. On March 20, 2003, plaintiff Verizon California Inc. ("Verizon") filed its opposition ("Oppo.") and the opposing declarations of Adam T. Bernstein and exhibit and William C. Rooklidge and exhibits. This matter is decided in Chambers pursuant to Local Rule 7–15.

## BACKGROUND

### I

On November 7, 2001, Katz brought an action against Verizon Communications Inc. ("Verizon Communications") and Cellco (dba Verizon Wireless) in the Eastern District of Pennsylvania. *Ronald A. Katz Tech. v. Verizon Communications, Inc.,* civil action no. 01–CV–5627 ("Pennsylvania action").[1] Verizon Communications is the parent corporation of Verizon, the plaintiff in this action. In the Pennsylvania action, Verizon Communications prevailed on a motion for summary judgment, which is now on appeal to the Federal Circuit.

---

1. Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of relevant court documents in the Pennsylvania action.

On November 16, 2001, plaintiff Verizon filed the pending action for declaratory relief against defendant Katz. On July 30, 2002, plaintiff filed a First Amended Complaint setting forth three claims: (1) patent noninfringement; (2) patent invalidity; and (3) patent unenforceability. On August 22, 2002, defendant filed an answer and counterclaim to the First Amended Complaint.

On November 6, 2002, this Court issued a protective order, which provided, inter alia, that "[a]ny party or nonparty producing or disclosing Discovery material may designate it as 'CONFIDENTIAL' ... unless and until the Court orders otherwise." Para. 3. The protective order covers Discovery Material that "the Producing Party believes in good faith ... contains or pertains to: (i) confidential research, development or commercial information ...; (ii) confidential financial or technical information ...; (iii) proprietary or commercially-sensitive information, market-sensitive information, or trade secret information ...; or (iv) other information ... which is not generally known and which the Producing Party would normally not reveal to third parties or would cause third parties to maintain in confidence, the disclosure of which the Producing Party believes would be likely to harm the Producing Party's competitive position." Para. 4. Further, the protective order provides that "Discovery Material designated CONFIDENTIAL shall be used only in preparation for and in the trial of this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration or claim...." Para. 9.

On March 27, 2003, this Court approved the parties' stipulation appointing Gale R. Peterson as special discovery master regarding "the scope of the waiver of the attorney-client privilege and work product protection as a result of Verizon['s] defense to willful infringement that it relied in good faith on the advice of counsel...." Additionally, this Court approved Mr. Peterson to resolve the question of whether Verizon has properly redacted certain documents.

## II

Katz argues it is bringing the pending motion because Verizon Communications prevailed on summary judgment in the Pennsylvania action by misrepresenting facts to the district court about its role in patent matters,[2] and Katz should be able to use the following documents, which have been designated "confidential" by Verizon in this action, to challenge the judgment in the Pennsylvania action before both the district court and Federal Circuit:

(1) July 16, 2001 memorandum from Howrey Simon[3] to Adam Bernstein,[4] entitled "Katz Non–Infringement Analysis for Verizon Automated Customer";

(2) August 13, 2001 memorandum from Howrey Simon to Adam Bernstein entitled "Summary of Non–Infringement Analysis";

(3) August 13, 2001 memorandum from Howrey Simon to Adam Bernstein entitled "Summary of Verizon Customer Service Platforms"; and

(4) January 9, 2003 letter from Baker Botts[5] to Leonard Suchyta[6] entitled "Investigation of Certain Patents of Ronald A. Katz."

Memorandum at 10.[7] Katz further argues that since Verizon has responded to Katz's claim of wilful infringement by asserting the defense of good faith reliance on the advice of counsel, it has waived the attorney-client privilege for all documents and communica-

---

2. Specifically, Katz argues that the confidential documents in this action "can be used to impeach statements Verizon [Communications] and its counsel have made to the [Pennsylvania] court ... in obtaining summary judgment...." Memo. at 14:5–10.

3. Howrey Simon is the law firm Howrey Simon Arnold & White.

4. Adam Bernstein is an in-house counsel to Verizon Corporate Services Corporation. Bernstein Decl., ¶ 1. Mr. Bernstein was deposed in the Pennsylvania action. *Id.* at ¶ 5.

5. Baker Botts is a law firm.

6. Leonard C. Suchyta is Vice–President and Associate General Counsel of Verizon Corporate Services Corporation. Bernstein Decl., Exh. 1, ¶ 4. Apparently, Katz never deposed Mr. Suchyta during the Pennsylvania action. Rooklidge Decl., ¶ 8.

7. This Court finds that the pending motion to modify the protective order refers only to the four specific documents Katz cites, and not to any other discovery documents.

tions relating to the subject matter of the advice and the work-product protection with respect to that defense "at least up to the time the lawsuit was filed." Memo. at 13:5–16. Accordingly, Katz argues Verizon's designation of documents (1)-(3) as confidential is improper. Memo. at 13:17–14:2. Additionally, Katz argues that redactions to these documents are also improper since Verizon has waived the attorney-client privilege as "to all communications relating to the subject matter of the opinions." Memo. at 15:13–16.

Verizon opposes Katz's motion on several grounds. First, Verizon argues Katz has not shown any misconduct on Verizon Communications's part in the Pennsylvania action since the documents Katz seeks to release from protection are no more than communications between "inside and outside counsel, not … the Verizon Communications Inc. executives that Katz alleged directed the subsidiaries' allegedly infringing activities, Messrs. Bobbio and Strigl." Oppo. at 8:1–14, 9:4–10. Accordingly, these documents have limited relevancy for impeachment or any other purpose in the Pennsylvania action. Verizon also argues the documents were properly designated as confidential since they contain confidential technical information about Verizon California's customer service systems. Oppo. at 4:17–5:4.

Moreover, Verizon argues the documents are not relevant now that summary judgment has been granted in the Pennsylvania action, and the matter is on appeal to the Federal Circuit, since Katz cannot meet the standards under Rule 60(b) for vacating or modifying the judgment against it, and the Federal Circuit will not consider the evidence as "newly discovered" evidence since Katz could have discovered it in the Pennsylvania action. Oppo. at 10:19–12:17.

Verizon also argues documents (1)-(3) were prepared "before [Katz] accused any Verizon

entity of infringement, threatened litigation, or brought an infringement action against any Verizon entity." Bernstein Decl., ¶ 2, Exh. 1 at ¶ 6. Thus, these documents do not address the defense of good faith reliance on advice of counsel to a wilful infringement claim. Moreover, since the documents address topics in addition to the issue of wilful infringement of Katz's patents, Verizon argues the motion is overly broad since it seeks to release the whole of the documents from all attorney-client privilege and work-product immunity protection.[8] Oppo. at 13:25–15:25. Moreover, document (4) was "sent … to Mr. Suchyta after the Pennsylvania court granted summary judgment in favor of Verizon Communications Inc., and … deals only with infringement of the Katz patents by the system used by Verizon California Inc." Oppo. at 2:26–3:1.

Finally, Verizon argues the propriety of the redactions is a matter before the discovery referee, which this Court ordered, and, in any event, that the redactions refer to "communications relating to subject matters other than infringement of the Katz patents by the Verizon California system …, and those subject matters fall· outside the waiver." Oppo. at 5:5–18.

## DISCUSSION

■ "It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. United States District Court–Northern District,* 187 F.3d 1096, 1103 (9th Cir.1999); *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1210 (9th Cir.2002). Rule 26(c), which governs the granting of a protective order, "authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc.,* 187 F.3d at 1103.[9] Moreover, a district court retains the

---

**8.** Since this opinion only addresses the redacted versions of the four specific documents Katz identified in its motion, Verizon's overbreadth argument has no merit.

**9.** A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed.R.Civ.P. 26(c). "For good

cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips,* 307 F.3d at 1210–11; *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.), *cert. denied,* 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.,* 966 F.2d at 476 (internal quotations marks omitted).

power to modify or lift protective orders that it has entered. *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir.1995); *Beckman Indus., Inc.*, 966 F.2d at 473.

Here, the protective order allows a party or a non-party producing or disclosing a particular document to initially determine whether such item is confidential without court intervention. As such, the protective order is akin to a blanket protective order, which is "inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Beckman Indus., Inc.*, 966 F.2d at 476. Thus, it remains Verizon's burden under Rule 26(c) to show documents (1)-(4) need to be protected from disclosure. *Phillips*, 307 F.3d at 1210–11 & n. 1; *Beckman Indus., Inc.*, 966 F.2d at 475–76.

"Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc.*, 966 F.2d at 475 (citing *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264–65 (9th Cir.), *cert. denied*, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964)). For this reason, a party who has "never made a 'good cause' showing under Fed. R. Civ. 26(c) justifying initial protection of [disputed documents]" may not rely solely on the protective order to "justify refusal when there is a reasonable request for disclosure." *Beckman Indus., Inc.*, 966 F.2d at 476; *Olympic Refining Co.*, 332 F.2d at 264–66. Therefore, Verizon's argument that it has never waived the confidentiality of the four documents at issue is beside the point. Rather, even assuming arguendo that documents (1)-(4) have been properly designated confidential under the protective order, this Court must consider whether it will modify the protective order to the limited degree Katz requests.

■ Here, Verizon has not met its burden of demonstrating why the protective order should not be modified in the limited manner Katz requests, i.e., to meet its reasonable needs in other, related litigation. *Beckman Indus., Inc.*, 966 F.2d at 475–76; *Olympic Refining Co.*, 332 F.2d at 264. That is, Katz argues documents (1)-(4) are relevant to the Pennsylvania action, which concerns claims or issues similar to those raised in the instant action. Moreover, Verizon has not explained how it would be in any way prejudiced by Katz's limited disclosure of these four documents to the district or appellate court. Although Verizon argues Katz has not shown that any Verizon entity committed misconduct in the Pennsylvania action and neither the district nor appellate courts would consider the documents at issue, it is not this Court's province to determine whether the Pennsylvania action's court or the Federal Circuit will find documents (1)-(4) to be relevant or persuasive. Rather, it is sufficient for this Court to find that Katz's proposed reliance on those documents meets the reasonable needs of the parties to the Pennsylvania action and Verizon will not suffer any unfair prejudice by allowing Katz access to these documents. *Beckman Indus., Inc.*, 966 F.2d at 475–76.

Finally, this Court will not reach the issue of releasing documents in an unredacted form. As Verizon aptly notes, this Court agreed to have the question of the propriety of the redactions submitted to a discovery referee, and that issue is now in the referee's hands and no longer before this Court.

Therefore, this Court grants Katz's motion to modify the protective order for the limited purpose of allowing the four documents at issue to be used in the Pennsylvania action, provided these documents remain subject to the November 6, 2002 protective order for all other purposes. Moreover, if a protective order exists in the Pennsylvania action, the release of the four documents for utilization in the Pennsylvania action would also require they be subject to the protective order in the Pennsylvania action.

### ORDER

Defendant Katz's motion is granted, in part, and denied, in part. Specifically, documents (1)-(4), in their redacted form, may be released from the protective order so that Katz may use them solely to pursue modification of the judgment in the Pennsylvania

action, whether in the district court or the Federal Circuit.