VERIZON CALIFORNIA INC., etc.

v.

RONALD A. KATZ TECHNOLOGY LICENSING, L.P., etc., and related counterclaim

No. CV01–9871–RGK(RCX).

United States District Court, C.D. California.

April 30, 2003.

indicates credit of 110 days for time served. [CT 16].

William C. Rooklidge, Howrey Simon Arnold & White, LLP, Irvine, CA, for plaintiff.

Roderick R. McKelvie, Christopher Harnett, Fish & Neave, Washington, DC, Donald L. Ridge, Morris, Polich & Purdy LLP, Los Angeles, CA, for defendant.

**PROCEEDINGS: (IN CHAMBERS) DEFENDANT'S MOTION RE SCOPE OF ATTORNEY–CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION AND REDACTIONS**

CHAPMAN, United States Magistrate Judge.

On April 25, 2003, this Court vacated its prior Order approving the parties' stipulation to appoint a special discovery master to determine "the scope of the waiver of the attorney-client privilege and work product protection as a result of Verizon [California Inc.']s defense to willful infringement that it relied in good faith on the advice of counsel" and to resolve the question of whether Verizon has properly redacted certain documents. The parties presented the pending discovery issues to the Court in letter briefs from defendant Ronald A. Katz Technology Licensing, L.P. ("Katz"), dated March 28, 2003, with supporting exhibits, and from plaintiff Verizon California Inc. ("Verizon"), dated March 31, 2003.[1] According to Katz's letter brief, Katz is also seeking relief regarding the refusal of witnesses Kevin Baer, Mark Wegener and Matthew J. Moore to answer certain questions at their depositions, based on attorney-client privilege and work-product protection.

The documents that are the primary focus of this discovery motion were previously considered by this Court in ruling on Katz's motion for relief from or to modify the protective order. *See Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.*, 214 F.R.D. 583 (C.D.Cal. 2003). These documents are:

(1) July 16, 2001 memorandum from Howrey Simon[2] to Adam Bernstein,[3] entitled "Katz Non–Infringement Analysis for Verizon Automated Customer";

(2) August 13, 2001 memorandum from Howrey Simon to Adam Bernstein entitled "Summary of Non–Infringement Analysis";

(3) August 13, 2001 memorandum from Howrey Simon to Adam Bernstein entitled "Summary of Verizon Customer Service Platforms"; and

(4) January 9, 2003 letter from Baker Botts[4] to Leonard Suchyta[5] entitled "Investigation of Certain Patents of Ronald A. Katz."

## BACKGROUND

The dispute before the Court focuses on whether Verizon, which has responded to Katz's claim of willful infringement of patents by asserting the defense of good faith reliance on the advice of counsel, has waived the attorney-client privilege for all documents and communications relating to the subject matter of the advice and the work-product protection with respect to that defense. Additionally, Katz argues that redactions to these documents also are improper since Verizon has waived the attorney-client privilege as "to all communications relating to the subject matter of the opinions." On the other hand, Verizon argues the documents were properly designated as confidential since they contain confidential technical information about Verizon's customer service systems. Additionally, Verizon argues documents (1)-(3)

---

1. In addressing the scope of the attorney-client privilege and work product protection claimed by Verizon, the Court also has considered, to the extent relevant, the arguments made by the parties in prior documents filed with this Court.

2. Howrey Simon is the law firm Howrey Simon Arnold & White.

3. Adam Bernstein is an in-house counsel to Verizon Corporate Services Corporation.

4. Baker Botts is a law firm.

5. Leonard C. Suchyta is Vice–President and Associate General Counsel of Verizon Corporate Services Corporation.

were prepared "before [Katz] accused any Verizon entity of infringement, threatened litigation, or brought an infringement action against any Verizon entity"; thus, these documents do not address the defense of good faith reliance on advice of counsel. Finally, Verizon argues that the documents address topics in addition to the issue of willful infringement of Katz's patents.

## DISCUSSION

 Under the attorney-client privilege, "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). A corporation may claim the attorney-client privilege. *Commodity Futures Trading Comm'n. v. Weintraub*, 471 U.S. 343, 348, 105 S.Ct. 1986, 1990, 85 L.Ed.2d 372 (1985); *Upjohn Co. v. United States*, 449 U.S. 383, 390, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981). Because the attorney-client privilege is in derogation of the search for truth, it is "narrowly and strictly construed." *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir.1989), *cert. denied*, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990); *Weil v. Investment/Indicators Research & Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981); *see also Fisher*, 425 U.S. at 403, 96 S.Ct. at 1569 (holding that since attorney-client privilege "has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose"). The burden of establishing that the attorney-client privilege applies rests with the party asserting the privilege. *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir.1995), *cert. denied*, 519 U.S. 911, 117 S.Ct. 275, 136 L.Ed.2d 198 (1996); *Clarke*, 974 F.2d at 129. Moreover, an assertion of privilege without evidence to support it will not

prevail. *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir.1985), *cert. denied*, 475 U.S. 1119, 106 S.Ct. 1635, 90 L.Ed.2d 181 (1986); *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir.1985), *cert. denied*, 474 U.S. 908, 106 S.Ct. 277, 88 L.Ed.2d 241 (1985) and 474 U.S. 1034, 106 S.Ct. 599, 88 L.Ed.2d 578 (1985); *see also Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 333 (E.D.N.Y.1996) (Meeting the burden of establishing the applicability of the attorney-client privilege "requires the submission of affidavits or other competent evidence to establish sufficient facts to prove the applicability of the privilege. Conclusory or ipse dixit assertions are not enough." (citations omitted)).

 Under the work product doctrine, material obtained and prepared by an attorney or the attorney's agent in anticipation of litigation or preparation for trial may be immune from discovery. Fed. R.Civ.P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 509–12, 67 S.Ct. 385, 392–94, 91 L.Ed. 451 (1947). One of the primary purposes of the work product doctrine is to prevent one party exploiting the other party's efforts to prepare for litigation. *Holmgren v. State Farm Mut., Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir.1992); *Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1494 (9th Cir.1989). The work product doctrine establishes a qualified immunity, rather than a privilege, and the qualification of the immunity is to be determined upon a showing of necessity or good cause. *Admiral Ins. Co.*, 881 F.2d at 1494; *Doubleday v. Ruh*, 149 F.R.D. 601, 605 .n. 3 (E.D.Cal.1993). The party claiming work product immunity has the burden of proving the applicability of the doctrine. *United States v. City of Torrance*, 163 F.R.D. 590, 593 (C.D.Cal.1995); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 510 (W.D.La.1988).

■ The issue before this Court is not whether Verizon has waived its attorney-client privilege and all work-product protection, but the scope of such waiver. In fact, Verizon acknowledges its claim of patent noninfringement, as well as any defenses to Katz's counterclaims of patent infringement, depend upon its assertion that infringement, if existing at all, was not willful due to advice of counsel. "Willful infringement is determined under the totality of the circumstances test. One of the more important factors of the totality of the circumstances test is whether the alleged infringer obtained a competent opinion from counsel." *AKEVA L.L.C. v. Mizuno Corp.*, 243 F.Supp.2d 418, 420 (M.D.N.C.2003) (citations omitted); *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed.Cir.1999). "The totality of the circumstances test requires that all knowledge gained by the infringer relating to the advice subject matter must be revealed so that the factfinder can make his own determination as to whether the [infringer's] reliance was reasonable." *AKEVA L.L.C.*, 243 F.Supp.2d at 423.

■ Where a party relies upon an advice of counsel defense, the assertion of that defense gives rise to potential waiver of attorney-client privilege and work product immunity based on fairness concerns. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162–63 (9th Cir.1992); *Chiron Corp. v. Genentech, Inc.*, 179 F.Supp.2d 1182, 1186 (E.D.Cal.2001). This is because the attorney-client privilege and work product immunity " 'may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, [these protections] may be implicitly waived.' " *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (citations omitted), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1063, 151 L.Ed.2d 967 (2002); *Chevron Corp.*, 974 F.2d at 1162. In the context of an infringement action,

[t]he cases dealing with discovery of an attorney-client and work-product material appear to be in general agreement that the client relying on advice of counsel waives attorney-client privilege with respect to the entire subject matter of the waiver and not just a specific opinion letter proffered. Subject matter waiver does not mean all opinions as to all possible defenses, but does mean all opinions of the specific issue of advice asserted as the defense to willfulness, be it infringement, validity, enforcement, or combination.

*AKEVA L.L.C.*, 243 F.Supp.2d at 422 (citations omitted); *Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P.*, 210 F.R.D. 673, 676–77 (D.Minn.2002); *Chiron Corp.*, 179 F.Supp.2d at 1186; *see also Novartis Pharmaceuticals Corp. v. EON Laboratories Mfg., Inc.*, 206 F.R.D. 396, 398 (D.Del. 2002) ("[E]verything with respect to the subject matter of counsel's advice is discoverable, despite the protection that is normally afforded to attorney-client communications and work product material."). Moreover,

[t]he waiver of attorney-client privilege or work product protection does not ... exist solely at a particular point of time, such as when the client receives the opinion from counsel. ... [B]ecause infringement is a continuing activity, the requirement to exercise due care and seek and receive advice is a continuing duty. Therefore, once a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire course of the alleged infringement. Consequently, the waiver of attorney-client privilege or work

product protection covers all points of time, including up through trial. *AKEVA L.L.C.*, 243 F.Supp.2d at 423.

Since the question of the infringer's state of mind is paramount, all documents and communications that are probative of the infringer's state of mind, whether admissible at trial or not, should be discoverable. *Novartis Pharmaceuticals Corp.*, 206 F.R.D. at 397; *Hoover Universal, Inc. v. Graham Packaging Corp.*, 44 U.S.P.Q.2d 1596, 1598 (C.D.Cal.1996); *see also Michlin v. Canon, Inc.*, 208 F.R.D. 172, 173 (E.D.Mich.2002) ("At a minimum, the plaintiff patent holder should be entitled to discover facts relating to when defendant sought the advice, what defendant knew about defense counsel's independence, skill, and competence to provide the opinion, what defendant knew about the nature and extent of analysis performed by defense counsel, and what defendant knew or had concluded about the credibility, value and reasonableness of the opinion."). In fact, discovery not admissible at trial may show "circumstantial evidence of conflicting or contradictory opinions" affecting the alleged infringer's state of mind. *Hoover Universal, Inc.*, 44 U.S.P.Q.2d at 1598. Indeed, " '[a]s a result of asserting an advice-of-counsel defense, a party must produce not only other communications and opinions of the same attorney [relating to the substance of that defense], but also privileged information from other counsel involving the same subject.' " *Minnesota Specialty Crops, Inc.*, 210 F.R.D. at 678 (citation and brackets omitted); *see also AKEVA L.L.C.*, 243 F.Supp.2d at 423 ("The waiver also is not limited to the advice given by opinion counsel. Since the waiver encompassed the subject matter of advice, that means that all opinions received by the client must be revealed, even those opinions the client receives from attorneys other than opinion counsel. Practical reasons exist for this rule. The exercise of due care requires a potential infringer to act reasonably. The infringer may not pick and choose between what opinions will be relied upon and which will be discarded. The totality of the circumstances test requires that all knowledge gained by the infringer relating to the advice subject matter must be revealed so that the factfinder can make its own determination as to whether the reliance was reasonable."). Further, such disclosure even includes work product not disclosed to the client. *Chiron Corp.*, 179 F.Supp.2d at 1189; *Dunhall Pharmaceuticals, Inc. v. Discus Dental, Inc.*, 994 F.Supp. 1202, 1205 (C.D.Cal.1998).

■ This Court, having reviewed the four documents listed above, finds documents (1) through (3) were issued by Howrey Simon to assist Verizon in evaluating Katz's offer to license Verizon under certain of Katz's patents, "and [their] purported relevance, if any, to some of the products and service [sic] currently being offered by Verizon[,]" and Katz's proposed licensing fees. February 13, 2001 letter from Adam Bernstein. The Court further finds that in February 2002, Verizon requested the law firm of Baker Botts to determine, based upon the selection of a representative range of claims from the several hundred included in Katz's patents, whether Verizon was infringing any of Katz's patents. Thereafter, on May 1, 2002, and again on September 10, 2002, Baker Botts met with Adam Bernstein and others and presented an oral opinion regarding Verizon's alleged infringement of Katz's patents. On January 9, 2003, Baker Botts issued document (4), which is a "detailed confirmation/formalization of [its] earlier opinion, as updated to reflect changed litigation circumstances and incremental factual information ... gain[ed] regarding Verizon California's accused systems...."

Keeping in mind the foregoing legal principles, as well as the findings regarding documents (1) through (4), the Court **hereby rules:**

**(1) July 16, 2001 Memorandum—**

Although infringement and invalidity may be considered as separate defenses to a claim of patent infringement, often the claim of invalidity is the basis for an alleged infringer's good faith belief of noninfringement of a patent. *Cf. Bristol Locknut Co. v. SPS Technologies, Inc.,* 677 F.2d 1277, 1282 (9th Cir.1982) ("[A]n invalid patent cannot be infringed[.]"); *Viskase Corp. v. American Nat'l Can Co.,* 261 F.3d 1316, 1323 (Fed.Cir.2001) (same). Here, Verizon has not provided the Court with any detailed information regarding the scope of its advice of counsel defense. Thus, Verizon has not met its burden of demonstrating it has not waived its attorney-client privilege and work product protection regarding the redactions of portions of its attorney's opinions that discuss the invalidity of Katz's patent(s), rather than their noninfringement. *See Weil,* 647 F.2d at 25 ("One of the elements that the asserting party must prove is that it has not waived the privilege."). Accordingly, the Court orders that document (1), as a whole, should be disclosed to Katz.

**(2) August 13, 2001 Memorandum—**

Verizon may properly redact Part II and Part III from document (2) since those portions refer to matters which do not appear to be the subject of this litigation; however, all other redactions are improper.

**(3) August 13, 2001 Memorandum—**

The whole document must be disclosed to Katz.

**(4) January 9, 2003 letter from Baker Botts—**

The whole document must be disclosed to Katz.

The parties are directed to personally meet and confer to work out the application of the Court's rulings herein to the other documents on Verizon's privilege logs and the deposition testimony of Messrs. Kevin Baer, Mark Wegener and Matthew Moore, and, further, to set a schedule for Verizon's production to Katz of other improperly withheld or redacted documents.

### ORDER

1. Verizon shall, no later than five (5) days from the date of this Order, produce all of documents (1), (3) and (4) to Katz and document (2), except for Part II and Part III, which may be redacted.

2. The Order issued by this Court on April 4, 2003, is amended nunc pro tunc to conform with this Order.