**Alvin K. GRAY, Plaintiff,**

v.

**Gordon FAULKNER, et al., Defendants.**

**No. S86–172 (RLM).**

United States District Court,
N.D. Indiana,
South Bend Division.

April 14, 1992.

See also 811 F.Supp. 1343.

David Albert, South Bend, IN, for plaintiff.

David Steiner, Deputy Indiana Atty. Gen., Indianapolis, IN, for defendants.

## MEMORANDUM AND ORDER

PIERCE, United States Magistrate Judge.

This case is now before the court on a Motion to Compel Discovery filed by plaintiff, Alvin K. Gray, on March 24, 1992.

### Plaintiff's Interrogatories Served on February 19, 1991

■ Mr. Gray initially seeks an order compelling defendants Duckworth and Faulkner to answer a set of eight interrogatories served by Mr. Gray on or about February 19, 1991. Defendant Hartley is the only defendant who has furnished answers to the interrogatories. The interrogatories in question were not directed to any particular defendant. Rather, they merely contained a general statement indicating that Mr. Gray, by his counsel, was "pos[ing] the following interrogatories:" In the absence of any indication that the interrogatories were directed to each defendant or any particular defen-

dant, Mr. Gray's motion to compel is **DENIED.** Mr. Gray will be permitted to serve similar interrogatories in the future, but each set of interrogatories must specifically identify the party from whom responses are being sought.

### Request Nos. 23, 24, 40, 41, 42 and 43 of Plaintiff's "Third Motion to Produce"

■ Mr. Gray's motion to compel is also concerned with Production Requests Nos. 23, 24, 40, 41, 42 and 43 of his "Third Motion to Produce." According to the certificate of service, defendants responded to those production requests on September 25, 1991 by indicating that the requested documents would be provided to plaintiff's counsel upon agreement that the documents would be kept confidential and would not be disclosed to the plaintiff or other inmates. In a letter dated October 29, 1991, Mr. Gray's counsel wrote to defendants' counsel requesting that defendants furnish a form for a proposed protective order. However, it appears that defendants did not offer any further response to the requests or furnish Mr. Gray's counsel with a proposed form of agreed protective order until April 6, 1992, after Mr. Gray's counsel had filed the present motion to compel.

■ The court finds that defendants' responses to Document Requests 23, 24, 40, 41, 42 and 43 are insufficient. If a responding party believes that information sought by a discovery request is privileged or subject to some rule of confidentiality, the responding party must object and/or apply to the court for a protective order. In this case, defendants did not produce the documents, did not object to the document requests, and did not seek a protective order from the court. Instead, they responded to the requests by indicating that the documents would be produced if Mr. Gray's attorney agreed that the documents would be kept confidential. A responding party cannot unilaterally impose conditions upon compliance with a discovery request.

■ Although defendants' responses to the document requests in question are insufficient, the court is reluctant to order the

unconditional production of documents which might adversely affect the security of the institution or reveal personal information having no relevance to the subject matter of the present action. Under these circumstances, plaintiff's Motion to Compel Discovery with respect to Requests Nos. 23, 24, 40, 41, 42 and 43 of plaintiff's Third Motion to Produce is **HELD IN ABEYANCE**, pending defendants' submission of a proper application for a protective order supported by a detailed statement of reasons, citation of legal authority, and identification of the specific rule of confidentiality or privilege relied upon. Any such request for protective order shall be submitted by defendants within fifteen (15) days of this date.

*Request Nos. 33, 34, 35, 36, 37 and 39 of Plaintiff's "Third Motion to Produce"*

Mr. Gray also seeks an order compelling further responses to Request Nos. 33, 34, 35, 36, 37 and 39 of his "Third Motion to Produce." With respect to Request Nos. 33 and 34, Mr. Gray apparently does not believe defendants' claims that the documentation requested in these items is non-existent or as minimal as defendants have indicated. The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect. Should it later appear that requested information was not revealed or was deliberately concealed, a responding party or attorney would be subject to appropriate sanctions. Plaintiff's Motion to Compel with respect to Request Nos. 33 and 34 is **DENIED.**

Defendants have objected to Request No. 35 on the ground that the request is overbroad, "because it would be impossible to provide a proper answer," and because "[t]here are essentially no limitations in the request." The court must agree. Request No. 35 contains no time limitations; it is not limited to any particular facility of the Department of Correction; and it vaguely seeks information about "other incident[s], whether inter-inmate or involving staff. . . ." Accordingly, defendants' objection to Request No.

35 is sustained, and plaintiff's Motion to Compel Discovery with respect to such request is **DENIED.**

Plaintiff's Request No. 36 calls upon defendants to produce the following:

The title, cause number and Court of any litigation which has arisen from any assault or other incident whether inter-inmate or involving staff, occurring during, or connected with, temporary housing of DEATH ROW inmates outside of DEATH ROW, whether in Protective Custody, IDU, or elsewhere at any Indiana State Correctional Facility including but not necessarily limited to the Michigan City Facility.

Defendants' response to this request raises no objection, but simply indicates that the information requested is "unknown," and that the records are "not maintained." The court must agree with Mr. Gray's assertion that this response is evasive and thus insufficient. A party responding to a Rule 34 production request "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." 10A *Federal Procedure,* Law Ed. § 26:377, p. 49 (1988). Documents in the possession of a party's attorney (in this case the Attorney General of Indiana) may be considered to be within the control of the party for purposes of a Rule 34 production request. 10A *Federal Procedure,* Law Ed. § 26:380, p. 52 (1988). Of course, "[i]f a document or thing does not exist, it cannot be in the possession, custody, or control of a party and therefore cannot be produced for inspection." 10A *Federal Procedure,* Law Ed. § 26:381, pp. 52–53 (1988).

In this case, defendants' statement that the requested information is "unknown" gives no indication that defendants have attempted to locate the information within their possession, custody or control, and their statement that the information is "not maintained" does not necessarily mean that it does not exist. Plaintiff's Motion to Compel with respect to Request No. 36 is **GRANTED.** Defendants shall respond to such request within thirty (30) days of this date. In

their response, defendants shall certify that they have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.

■ Mr. Gray's Request No. 37 seeks production of "[a]ll orders, directions, or regulations of any kind for the handling of DEATH ROW inmates as they were effective in 1984, or as near thereto as possible." Defendants have responded to this request with the following: "See # 25. Covered in policy 02–02–102." This response is insufficient. Policy 02–02–102 may well contain the requested information, but the plaintiff is not just asking for information. Rather, he is seeking all "orders, directions or regulations" which contained the information at the time in question. Accordingly, plaintiff's Motion to Compel with respect to Request No. 37 is **GRANTED.** If policy 02–02–102 is the only *order, direction or regulation* for the handling of death row inmates at the time in question, then defendants must so indicate. Otherwise, defendants must produce *all* orders, directions or regulations which were concerned with the handling of death row inmates in 1984. Defendants shall respond to Request No. 37 within thirty (30) days of this date.

■ Mr. Gray also seeks to compel a further response to his Request No. 39, which sought "[t]he complete job Description, by whatever title of WARDEN DUCKWORTH." Defendants' response indicates that "[t]here is no job description for Superintendent." In effect, defendants' response indicates that the requested information does not exist. The court considers this response sufficient, even if Mr. Gray's counsel would find it difficult to believe that no job description exists. Accordingly, plaintiff's Motion to Compel Discovery with respect to Request No. 39 is **DENIED.** However, defendants may be precluded from introducing evidence or testimony inconsistent with their response at the time of trial.

*Interrogatories Served by Plaintiff on October 31, 1991*

■ Mr. Gray's motion to compel also seeks a response to two interrogatories which he served on defendant Faulkner in October, 1991. Defendants' response to this aspect of Mr. Gray's Motion to Compel states as follows:

Regarding the Interrogatories of October, 1991, defendants Hartley and Duckworth filed timely responses, and it is clear from their responses and Mr. Hartley's earlier interrogatory responses that former Commissioner Faulkner had no involvement in the matter. Mr. Faulkner was charged with overall management of the Department at the time. Moreover, Mr. Faulkner has been difficult to reach as he has not worked for the Department of Correction and State of Indiana since 1986, and lives and works out of the State of Indiana. In the letter of the undersigned to Mr. Albert, dated December 16, 1991, plaintiff's counsel was again made aware that Mr. Faulkner was far removed from this matter and had no involvement. This is also clear from the sworn interrogatory answers of Mr. Duckworth and Mr. Hartley.

■ If Mr. Faulkner had no involvement in the matter, then he should file a motion for summary judgment after the plaintiff is allowed a full opportunity for discovery, but an asserted lack of involvement is no excuse for failing to respond to a discovery request. Counsel appeared for Mr. Faulkner, along with the other defendants. Now, Mr. Faulkner's counsel appears to be suggesting that because his client has left the State of Indiana and is difficult to locate he should not have to comply with any discovery requests. The court is unaware of any rule which would relieve a party of his or her obligation to comply with a discovery request based upon the party's absence after service has been effected or conceded through the entry of an appearance. If Mr. Faulkner cannot be located after having been duly served, he may be subject to a default, but his absence will not make the suit against him go away. Mr. Gray's Motion to Compel is **GRANTED** with respect to the two inter-

rogatories served upon defendant Faulkner in October, 1991. Defendant Faulkner is ordered to respond fully and completely to the two interrogatories within thirty (30) days of this date. **No extensions will be granted.** Failure to comply with this order will result in the imposition of sanctions, which may include entry of a default against Mr. Faulkner.

**SO ORDERED.**