30 F.3d 1347
 147 L.R.R.M. (BNA) 2012
 Leslie Ray COX; R.M. Cox; Larry Driver; Barry Nichols;
John Bullard; Robert W. Kennedy, Jr.; Lorenzo G. East;
Clarence M. Pope, Jr.; C.R. Altes; Jack E. Merrymon;
Terry P. West; R.S. Arnold; M.W. Milstead; J.W. Wade;
Manning A.C. Snider; Terry H. Melvin; Thomas E. Hill;
Gary D. Swann; Ronald E. Frazier; Anthony J. Crapet;
Robert M. Green; Heath L. McMeans, III; Billy Carter; Joe
A. Knight; Phillip L. Drummond; Brack Wells; George
Boglin; Dennis E. Jones; Dennis R. Fulton; Don L. Flurry;
W.T. Mayberry; Willie Young; Robert Poole; Wardell
Clark; Willie J. Nation; Oscar Lee Perry; Harry S. Turner
and James R. Miller, suing individually and on behalf of a
class of similarly situated individuals, etc.,
Plaintiffs-Appellees, Cross-Appellants,
v.
ADMINISTRATOR UNITED STATES STEEL & CARNEGIE and United
States Steel & Carnegie Pension Fund, Defendants,
United Steelworkers of America, AFL-CIO-CLC and USX
Corporation, a/k/a United States Steel
Corporation, Defendants-Appellants,
Cross-Appellees.
Leslie Ray COX; R.M. Cox; Larry Driver; Barry Nichols;
John Bullard; Robert W. Kennedy, Jr.; Lorenzo G. East;
Clarence M. Pope, Jr.; C.R. Altes; Jack E. Merrymon;
Terry P. West; R.S. Arnold; M.W. Milstead; J.W. Wade;
Manning A.C. Snider; Terry H. Melvin; Thomas E. Hill;
Gary D. Swann; Ronald E. Frazier; Anthony J. Crapet;
Robert M. Green; Heath L. McMeans, III; Billy Carter; Joe
A. Knight; Phillip L. Drummond; Brack Wells; George
Boglin; Dennis E. Jones; Dennis R. Fulton; Don L. Flurry;
W.T. Mayberry; Willie Young; Robert Poole; Wardell
Clark; Willie J. Nation; Oscar Lee Perry; Harry S. Turner
and James R. Miller, suing individually and on behalf of a
class of similarly situated individuals, etc., Plaintiffs-Appellants,
v.
ADMINISTRATOR UNITED STATES STEEL & CARNEGIE and United
States Steel & Carnegie Pension Fund; United Steelworkers
of America, AFL-CIO-CLC and USX Corporation, a/k/a United
States Steel Corporation, Defendants-Appellees.
 Nos. 91-7215, 92-6218.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 19, 1994.
 
 Carl B. Frankel, Associate Gen. Counsel, United Steelworkers of America, Pittsburgh, PA, Robert M. Weinberg, Jeremiah A. Collins, Martin S. Lederman, Bredhoff & Kaiser, Washington, DC, Samuel H. Heldman, in # 92-6218, Jerome A. Cooper, Joe R. Whatley, Jr., Franklin G. Shuler, Jr., Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, AL, for United Steelworkers of America.
 Michael L. Lucas, Burr & Forman, William N. Clark, Redden, Mills & Clark, Birmingham, AL, Robert W. Hartland, Leonard L. Scheinholtz, Reed, Smith, Shaw & McClay, Pittsburgh, PA, J. Michael Jarboe, USX Corporation, Pittsburgh, PA, in # 91-7215, for USX Corp.
 J. Vernon Patrick, Jr., Alex S. Lacy, William M. Acker, III, Elizabeth N. Pitman, Patrick & Lacy, P.C., Samuel Maples, Michael H. Bite, Jr., Bite, Bite and Bite, Birmingham, AL, for Leslie Ray Cox, et al.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before ANDERSON and CARNES, Circuit Judges, and SCHLESINGER*, District Judge.ON PETITIONS FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC
 PER CURIAM:
 
 
 1
 Upon consideration of the petitions for rehearing, the opinion issued on April 5, 1994, and published at 17 F.3d 1386, is modified as follows:
 
 
 2
 (1) The second paragraph of section II.B.1.b, which is found at 17 F.3d at 1398, and begins "Under Sec. 1962(c) it is unlawful....", is deleted. In its place is substituted the following paragraph:
 
 
 3
 Under Sec. 1962(c) it is unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." USX argues that a jury could not find a violation of that subsection because USX cannot be both the "person" and the "enterprise" contemplated by Sec. 1962(c). However, the plaintiffs have alleged only that USX conducted the affairs of the Fairfield Works, the Union, District 36 of the Union, and the Fund through a pattern of racketeering activity--not that USX conducted its own affairs through a pattern of such activity. We conclude that the pension fund is an enterprise separate from USX. The Supreme Court recently reemphasized that " '[t]here is no restriction upon the associations embraced by the definition: an enterprise includes any union or group of individuals associated in fact.' " National Org. for Women, Inc. v. Scheidler [--- U.S. ----, ----], 114 S.Ct. 798, 805 [127 L.Ed.2d 99] (1994) (quoting United States v. Turkette, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527 [69 L.Ed.2d 246] (1981)). In Davis v. Mutual Life Ins. Co. of New York, 6 F.3d 367 (6th Cir.1993), an insurance company was held liable under this section of the statute for participating in the affairs of an independent insurance agency composed of agents of the insurance company engaged in the business of selling policies issued by the insurance company. The Sixth Circuit held that the agency was a separate enterprise from the insurance company. The agency had a separate existence, its own board of directors, and conducted its own business. We conclude that the pension fund in the instant case is even more separate and distinct from USX than were the two entities in Davis. The pension fund has a separate corporate existence; it is a nonprofit membership corporation. Its existence is not dependent upon USX, and could, for example, continue long after USX went out of business. The pension fund has its own governance, which is controlled and regulated by comprehensive statutory and regulatory provisions. Thus, the governance of the pension fund is separate and distinct from that of the corporation itself. Persons are involved in a pension fund who would have no involvement in the corporation with which it is associated at all; for example, a pension fund has investment advisors and actuaries as fiduciaries. Although both USX and its employees have a role in the pension fund, the role of each in the pension fund is distinct and different from the respective role each has in the corporation itself. For example, the corporation is administrator of the pension fund, but of course its role as administrator is very different from its role in its corporate existence; its role as administrator is constrained by all of the numerous ERISA statutes and regulations. Similarly, the employees of the corporation have a different role with respect to the pension fund; there, they are participants with rights regulated by the comprehensive statutory and regulatory scheme.
 
 
 4
 (2) The final sentence in the third paragraph of section II.B.3.a, which is found at 17 F.3d at 1404, and begins "As discussed in subpart B.1.b., above, ....", is deleted.
 
 
 5
 The petitions for rehearing are otherwise denied, and no member of the panel nor other judge in regular active service on the court having requested that the court be polled on rehearing en banc, the suggestions for rehearing en banc are denied.
 
 
 
 *
 Honorable Harvey E. Schlesinger, U.S. District Judge for the Middle District of Florida, sitting by designation