Barbara LAWRENCE, et al., Plaintiffs,

v.

HOBAN MANAGEMENT, INC.,
et al., Defendants.

Civil No. 14–cv–1753–DMS (DHB).

United States District Court,
S.D. California.

Signed March 17, 2015.

Craig P. Fagan, Law Offices of Craig P. Fagan, San Diego, CA, for Plaintiffs.

Kimberly S. Oberrecht, Nathaniel James Michels, Horton Oberrecht Kirkpatrick & Martha, San Diego, CA, for Defendants.

## ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

DAVID H. BARTICK, United States Magistrate Judge.

On March 11, 2015, the parties filed a joint motion for determination of discovery dispute regarding Defendant Hoban Management, Inc.'s ("Hoban") responses to four interrogatories and one request for production of documents. (ECF No. 25.) For the reasons set forth below, Plaintiffs' request that Hoban be compelled to disclose tenant telephone numbers is **DENIED**. However, Plaintiffs' request that Hoban be compelled to produce all three-day notices to quit delivered to tenants in the last two years is **GRANTED**.

## I. BACKGROUND

In their First Amended Complaint, Plaintiffs allege Defendants discriminated against families with children in the operation of the Tiara Greens Apartments in violation of the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.*, and related federal and state laws. Plaintiffs allege Defendants have enforced rules which prohibit children from playing outside at the apartment complex.

Plaintiffs contend they are entitled to receive from Hoban the names, addresses, and telephone numbers of current and past tenants of the Tiara Greens Apartments from January 1, 2012 to July 25, 2014, to assist in determining the extent of Defendants' discriminatory practices. Hoban initially objected to disclosing any of the information but, after meeting and conferring, Hoban agreed to produce the names and addresses of all current and past tenants during the relevant time period. However, Hoban refuses to disclose the tenants' telephone numbers on the basis that disclosure would violate these third parties' privacy rights.

In addition, Plaintiffs seek production of all three-day notices to quit delivered to any resident of the Tiara Greens Apartments within the last two years. Plaintiffs contend this information is necessary to allow a comparative analysis of whether tenants with children are treated more harshly than tenants without children. Hoban contends it should not be required to disclose these documents because Plaintiffs have not alleged they were threatened with eviction and, in any event, Hoban has confirmed, in response to a separate document request, that it has not delivered to any tenant within the last two years a three-day notice to quit making reference to children. Thus, Hoban contends there is no basis to compel production of all three-day notices to quit because the lack of reference to children in the notices makes a comparative analysis impossible.

## II. LEGAL STANDARD

The threshold requirement for discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." FED.R.CIV.P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The relevance standard is thus commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

However broadly defined, relevancy is not without "ultimate and necessary boundaries." *Hickman,* 329 U.S. at 507, 67 S.Ct. 385. Accordingly, district courts have broad discretion to determine relevancy for discovery purposes. District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED.R.CIV.P. 26(b)(2)(C)(I).

## III. ANALYSIS

### A. Interrogatory Nos. 1–4

Plaintiffs contend Hoban should be required to disclose current and past tenants' telephone numbers in response to Interrogatory Nos. 1–4. However, Interrogatory Nos. 1–2 ask only for the tenants' name and last known address. (*See* ECF No. 25 at 6:12–16, 16:16–18.) It is undisputed that Hoban has already disclosed this information after initially objecting to its disclosure. Thus, further responses to Interrogatory Nos. 1–2 are unwarranted.

The Court must now consider whether Hoban should be compelled to provide further responses to Interrogatory Nos. 3–4. Interrogatory No. 3 seeks "the name, telephone number, and apartment number of any tenant ... who has minor children living with them." (*Id.* at 17:3–5.) Interrogatory No. 4

seeks "the name, last known address, and telephone number of any tenant ... who moved out within the last 15 months and who had minor children living with them" at the Tiara Greens Apartments. (*Id.* at 17:18–21.) These requests are plainly limited to current and past tenants with children living with them. As a result, even if the Court were to accept Plaintiffs' argument that tenant telephone numbers are discoverable, the Court could only compel disclosure of that information for those tenants living with children. Contrary to Plaintiffs' argument in the joint motion, Plaintiffs have not served discovery on Hoban requesting telephone numbers of *all* current and past tenants during the relevant time period. In any event, as set forth below, the Court finds that Plaintiffs are not entitled to any tenant telephone numbers.

■ "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Zuniga v. Western Apartments,* No. CV 13–4637 JFW(JCx), 2014 WL 2599919, at *3, 2014 U.S. Dist. LEXIS 83135, at *8 (C.D.Cal. Mar. 25, 2014) (citing *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)); *see also Stallworth v. Brollini,* 288 F.R.D. 439, 444 (N.D.Cal.2012) ("The United States Supreme Court has recognized a constitutional right to privacy, more specifically, a constitutional right to nondisclosure of one's personal information." (citing *Whalen v. Roe,* 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); *Nixon v. Adm'r of Gen. Servs.,* 433 U.S. 425, 457, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977))). However, this right is not absolute; rather, it is subject to a balancing test. *Stallworth,* 288 F.R.D. at 444 (citing *Crawford v. United States Tr.,* 194 F.3d 954, 959 (9th Cir.1999); *Bull v. City & Cnty. of San Francisco,* No. C–03–1840 CRB(EMC), 2003 WL 23857823, at *1, 2003 U.S. Dist. LEXIS 28425, at *2–3 (N.D.Cal. Oct. 27, 2003)). "When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.' " *Artis v. Deere & Co.,* 276 F.R.D. 348, 352 (N.D.Cal.2011) (quoting *Wiegele v. Fedex*

*Ground Package Sys.,* 2007 WL 628041, at *2, 2007 U.S. Dist. LEXIS 9444, at *2 (S.D.Cal. Feb. 8, 2007)). "Compelled discovery within the realm of the right of privacy 'cannot be justified solely on the ground that it may lead to relevant information.' " *Id.* (quoting *Wiegele,* 2007 WL 628041, at *2, 2007 U.S. Dist. LEXIS 9444, at *2).

■ Plaintiffs contend the decisions in *Zuniga* and *Sanders v. Edge Holdings,* No. 11cv1590–LAB (MDD), 2012 U.S. Dist. LEXIS 27090 (Mar. 1, 2012), "inexplicably" ruled that telephone numbers of tenants were not discoverable and that these recent decisions "fl[y] in the face of fair housing laws, which require that *all* tenant contact information be disclosed." (ECF No. 25 at 1–6.) However, both of these decisions correctly recognized that federal courts must balance tenants' privacy interests with a plaintiff's need for the discovery. *See Zuniga,* 2014 WL 2599919, at *3, 2014 U.S. Dist. LEXIS 83135, at *8 ("Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. [Citation.] Courts balance the need for the information sought against the privacy right asserted."); *Sanders,* 2012 U.S. Dist. LEXIS 27090, at *5 (permitting disclosure of tenant names and address, but not telephone numbers, after "[b]alancing the tenants' privacy interests with Plaintiffs['] discovery rights."). Thus, Plaintiffs' position that no explanation was given for these rulings is unsupported.

Furthermore, none of the authority relied upon by Plaintiffs support their contention that *Zuniga* and *Sanders* represent a "recent, disturbing trend" that is "contrary to established law" and "flies in the face of fair housing laws, which require that *all* tenant contact information be disclosed." (ECF No. 25 at 6:22–24, 7:5–6.) Plaintiffs' reliance on the initial disclosure requirements of Federal Rule of Civil Procedure 26 is misplaced because the rule only requires initial disclosure of telephone numbers of "each individual *likely* to have discoverable information." FED.R.CIV.P. 26(a)(1)(A)(i) (emphasis added). Here, Plaintiffs have failed to demonstrate that every single tenant, or any particular

third party tenant, is likely to have discoverable information.

Additionally, Plaintiffs' reliance on *Marable v. H. Walker & Assocs.*, 644 F.2d 390, 396 (5th Cir.1981), and *Smith v. Sol D. Adler Realty Co.*, 436 F.2d 344, 347 (7th Cir.1971), is unavailing. First, these decisions are not binding on this Court. Second, and more importantly, they do not stand for the proposition that courts permit discovery of tenants' telephone numbers in fair housing cases. Instead, *Marable* notes there had been evidence before the trial court consisting of tenant applications and credit reports, and *Smith* merely points out that the plaintiffs had been allowed to inspect tenant applications. These cases involved alleged discrimination in the decision whether or not to rent to a new tenant, where tenant applications and credit reports would arguably be pertinent to the analysis. Here, in contrast, Plaintiffs are alleging Defendants discriminated against existing tenants with children. Moreover, these cases do not indicate whether telephone numbers were included in the discovery. But even assuming they were, as is probable, nowhere in these cases is there a discussion about whether any objections had been made to the trial court about whether disclosure of telephone numbers infringed upon the tenants' privacy rights, or whether any information in the discovery was redacted prior to disclosure to the plaintiffs. The Court can speculate all day about the details surrounding the disclosure in *Marable* and *Smith*, but it is safe to say that neither of these non-binding cases firmly stand for the proposition advanced by Plaintiffs that fair housing laws require disclosure of tenant telephone numbers.

Plaintiffs' reliance on *Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App.4th 347, 359, 99 Cal.Rptr.2d 627 (Cal.Ct. App.2000), is equally unavailing. The Court does not interpret that case, which is also not binding on this Court, as setting forth a new, heightened standard for determining whether personal information of third parties is discoverable. The *Planned Parenthood* court essentially took the same balancing approach advocated in *Zuniga* and *Sanders*. The court recognized that release of Planned Parenthood staff members' telephone numbers carried serious risks to the safety and well-being of the staff members by virtue of the intense, anti-abortion opposition to Planned Parenthood. However, this recognition does not mean, as Plaintiffs contend, that release of third party personal information in other cases should be prohibited only when its release creates a serious danger to the third party. Rather, the danger recognized in *Planned Parenthood* was one factor, albeit a particularly strong factor, the court considered when balancing the third party privacy interests with the litigants' need for discovery. Thus, even if *Planned Parenthood* was controlling on this Court, which it is not, the Court is not required to find the same level of danger exists in this case before preventing disclosure of tenant telephone numbers. Plaintiffs' argument that Hoban must establish proof of a danger to third parties misstates the law.

Plaintiffs rely on another state court case, *People v. Dixon*, 148 Cal.App.4th 414, 56 Cal.Rptr.3d 33 (Cal.Ct.App.2007), to support the position that names and addresses of potential witnesses are a routine and essential part of pretrial discovery. However, *Dixon*, a criminal case, addressed whether the trial court erred in denying the defendant's request to compel the prosecutor to disclose contact information of prosecution witnesses who were victims in the underlying sexual assault crimes. *Id.* at 442, 56 Cal. Rptr.3d 33. Thus, *Dixon* is clearly distinguishable in that the witnesses were likely to have discoverable information, whereas in the instant case Plaintiffs have made no such showing. Moreover, even if *Dixon* were applicable, the court recognized only that "[t]he disclosure of the names and addresses of potential witnesses is a routine and essential part of pretrial discovery." *Id.* (citing *In re Littlefield*, 5 Cal.4th 122, 132, 19 Cal.Rptr.2d 248, 851 P.2d 42 (1993)). Here, Plaintiffs already have this information. *Dixon* says nothing about the disclosure of third party telephone numbers.

Like other district courts to have considered this issue in identical cases (*i.e., Sanders* and *Zuniga*), the Court is persuaded that the privacy rights of third party tenants

(current and former) at the Tiara Greens Apartments outweigh the Plaintiffs' need for the tenants' telephone numbers.[1] Plaintiffs have not shown that any of these third parties are likely to have discoverable information. Moreover, Plaintiffs have already been provided the tenants' names and addresses.

In short, Plaintiffs have offered no compelling need for obtaining tenants' telephone numbers when Plaintiffs already possess the tenants' names and addresses. Plaintiffs concede that "*all* witnesses will lose some privacy rights" in litigation. (ECF No. 25 at 12:19.) However, while Plaintiffs may characterize the tenants' privacy interest in their telephone numbers as slight, even a slight privacy interest outweighs the absence of any need for the information.

Accordingly, Plaintiffs' request that Hoban be compelled to produce the telephone numbers of current and former tenants at the Tiara Greens Apartments is **DENIED.**

## B. Request for Production of Documents No. 6

Plaintiffs also seek an order compelling Hoban to produce all three-day notices to quit delivered to any resident of the Tiara Greens Apartments within the last two years. Plaintiffs contend these documents will demonstrate whether Defendants discriminated against families with children and that the comparative data is essential to their case. Hoban responds by arguing Plaintiffs have not alleged they were threatened with eviction or served with three-day notice to quit and, therefore, the requested notices are not relevant to this action. Hoban has also confirmed that it has not delivered to any tenant within the last two years a three-day notice to quit making reference to children. As a result, Hoban contends, the production of all three-day notices to quit is unwarranted because it will not permit Plaintiffs to make any useful comparative analysis.

■ As an initial matter, the Court disagrees with Hoban's first contention. Plaintiffs' First Amended Complaint clearly alleges that Defendants notified all tenants that they were responsible for their visitors, that certain outdoor activities such as kicking balls would no longer be allowed, that tenants should instead take their children to the park, and that "residents who do not follow our rules will be asked to move and this will not be a negotiable request." (*See* ECF No. 7 at ¶ 26 and Exhibit 1.) Thus, Hoban's contention that Plaintiffs are not alleging they were threatened with eviction is unsupported. Moreover, the Court does not find it necessary for Plaintiffs to allege they were actually served with a three-day notice to quit for the requested discovery to be relevant to the case. Rather, the Court concludes the requested documents are reasonably calculated to lead to the discovery of admissible evidence in that such evidence could potentially establish that a disproportionate number of three-day notices to quit were issued to tenants with children and that this potential comparative data is relevant to Plaintiffs' allegations of familial discrimination. The Court is not persuaded that the notices to quit cannot be of value to Plaintiffs' case because none of the notices referenced children. Rather, other means of discovery could be pursued (and perhaps have already been pursued) that would allow Plaintiffs to develop a comparative analysis. Ample time remains before the discovery cutoff in which Plaintiffs can pursue additional discovery calculated to advance this argument.

In conclusion, the Court **GRANTS** Plaintiffs' request that Hoban be compelled to produce all three-day notices to quit issued to tenants of the Tiara Greens Apartments from December 18, 2012 through December 17, 2014.[2] Hoban shall produce these documents to Plaintiffs no later than **March 31, 2015.**

**IT IS SO ORDERED.**

---

**1.** Plaintiffs' rhetorical question, "what is so invasive about making a phone call to a person?" (ECF No. 25 at 12:22), ignores the numerous federal and state laws expressly protecting individuals from unwanted telephone calls. *See, e.g.,* Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

**2.** The Court notes that Plaintiffs requested production of these documents for the prior two

years. The Court utilized the date of Plaintiff's document request: December 17, 2014. (*See*

ECF No. 26–1 at 34–35.)