## In re HERITAGE BOND LITIGATION.

### No. 02–ML–1475–DT(RCx).

United States District Court,
C.D. California.

April 22, 2004.

---

Brian Barry, Los Angeles, CA, for Plaintiffs.

Jeffrey L. LePere, Gates, O'Doherty, Gonter & Guy, San Diego, CA, for Defendant Valuation Counselors Group, Inc.

**PROCEEDINGS: ORDER TO SHOW CAUSE WHY PLAINTIFFS' REQUESTS FOR ADMISSION TO DEFENDANT VALUATION COUNSELORS GROUP, INC. SHOULD NOT BE DEEMED ADMITTED DUE TO FAILURE TO RESPOND**

CHAPMAN, United States Magistrate Judge.

On March 19, 2004, class plaintiffs filed a petition for Order to Show Cause why plaintiffs' requests for admissions to defendant Valuation Counselors Group, Inc. should not be deemed admitted, with the supporting declaration of Jill Betts and exhibits. On April 7, 2004, defendant Valuation Counselors Group, Inc. filed its response, with the supporting declaration of Jeffrey L. LePere and exhibits. On April 14, 2004, class plaintiffs filed their reply.

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on April 22, 2004. Brian Barry, attorney-at-law, appeared on behalf of class plaintiffs and Jeffrey L. LePere, attorney-at-law, appeared on behalf of defendant Valuation Counselors Group, Inc.

### BACKGROUND

Class plaintiffs served their first set of requests for admissions on Valuation Counselors Group, Inc. ("defendant") on January 7, 2004. Thereafter, class plaintiffs granted two extensions of time to respond, allowing defendant to respond through March 5, 2004. However, defendant did not respond to class plaintiffs' first set of requests for admissions until March 17, 2004.

### DISCUSSION

#### I

Rule 36 provides for requests for admissions as follows:

A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request.... [¶] Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualified or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny....

Fed.R.Civ.P. 36.

The Advisory Committee Notes to the 1970 amendment to Rule 36 explain the purposes of the rule:

Rule 36 serves two vital purposes, both of which are designed to reduce trial time.

Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.

In short, "[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1982).

"A party requesting an admission may, if he feels [Rule 36 has] not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted." *Asea*, 669 F.2d at 1247. Here, class plaintiffs have chosen to have the requests for admissions deemed admitted. In such circumstances, the application of Local Rule 37, which requires a pre-filing conference to resolve discovery disputes, would serve no purpose; there is no discovery dispute for the parties to attempt to narrow or settle. Thus, class plaintiffs properly filed this motion without complying with Local Rules 37–1 and 37–2.

■ As an initial matter, defendant responded 12 days late to class plaintiffs' first set of requests for admissions. For this reason alone, all ten requests for admissions in the first set of requests for admissions should be deemed admitted. *See Asea*, 669 F.2d at 1247 ("The general power of the district court to control the discovery process allows for the severe sanction of ordering a matter admitted when it has been demonstrated that a party has intentionally disregarded the obligations imposed by Rule 36(a)."). Nevertheless, defendant asks the Court to use its equitable powers to find its responses to the requests for admissions to be timely. The Court declines to do so. "A trial judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36 F.R.Civ.P., and thus relieve a party of apparent default. *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686 (2d Cir.1966), is direct authority for the proposition." *French v. United States*, 416 F.2d 1149, 1152 (9th Cir.1969). However, such discretion should be exercised only "[u]nder compelling circumstances," i.e., where "there

is no sufficient reason to force the District Court to grant summary judgment ... where no prejudice is shown." *Moosman*, 358 F.2d at 688. In other words, the Court's discretion to permit a late response to requests for admissions should be exercised only when necessary to relieve a party from default by the use of the admissions to obtain a summary or default judgment. Here, the requests for admissions propounded by class plaintiffs to defendant would merely narrow the issues for trial—one of the purposes of Rule 36. Accordingly, the Court declines to excuse defendant's late response to class plaintiffs' first set of requests for admissions.

■ Moreover, even if this Court had found that defendant's responses to the class plaintiffs' first set of requests for admissions were timely, it would **not** have found that defendant's responses to requests for admissions nos. 2, 3, 4, 6 and 9 were proper, and it would have deemed those requests admitted. "A response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter." *Asea*, 669 F.2d at 1247. Here, defendant responded to requests for admissions nos. 2, 3, 4, 6 and 9 by (creatively) citing Rule 33(d) and stating its answers are to be found in "previously produced business records" or "business records previously produced." This is improper. Unfortunately for defendant, Rule 33(d) is responsive only to interrogatories (Rule 33)—not requests for admissions (Rule 36)— and even when responsive to interrogatories, Rule 33(d) requires considerably more specificity than merely referring to "previously produced business records." *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Investment Corp.*, 711 F.2d 902, 906 (9th Cir. 1983); *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 277–78 (C.D.Cal.1999). Further, by referring to "previously produced business records," defendant is inferentially admitting that had it conducted a reasonable inquiry, it would have found the information to respond to the requests for admissions; however, it chose not to do so.

Since defendant has inferentially admitted it could have obtained the information to respond to these requests for admissions, and it chose not to do so, the Court would have had no difficulty deeming requests for admissions nos. 2, 3, 4, 6 and 9 admitted—even if defendant's responses had been timely.

### ORDER

Plaintiffs' request to deem its First Set of Requests for Admissions to defendant Valuation Counselors Group, Inc. admitted **IS GRANTED IN TOTO.**

Plaintiffs **ARE ORDERED** to serve this Order electronically on all parties.