### A. FARBER & PARTNERS, INC.

v.

### Maynard Hal GARBER, et al.

### No. CV 05–2776 JFW(RCX).

United States District Court,
C.D. California.

July 5, 2006.

Evan W. Granowitz, attorney-at-law with the firm Shulman Hodges & Bastian, California for The plaintiff.

James D. Henderson, Jr., attorney-at-law, Santa Monica, CA, for Defendants.

**PROCEEDINGS: (1) ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR AN ORDER DEEMING CERTAIN MATTERS ADMITTED AS TO: (A) DEFENDANT MAYNARD HAL GARBER, (B) DEFENDANT DANIEL GARBER, (C) DEFENDANT RICARDO ROJAS, (D) DEFENDANT ARMI GARBER, (E) DEFENDANT MCG PROPERTIES, AND (F) DEFENDANT CDG PARTNERS, AND (2) ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES**

CHAPMAN, United States Magistrate Judge.

On June 13, 2006, plaintiff filed a notice of motion and motion for an order deeming certain matters admitted as to defendants Maynard Hal Garber, Daniel Garber, Ricardo Rojas, Armi Garber, MCG Properties and CDG Partners and for an award of attorney's fees, a supporting memorandum of points and authorities, and the supporting declaration of Evan W. Granowitz, with exhibits.[1] On June 21, 2006, defendants filed their opposition(s), and the declaration of James D. Henderson, Jr., and on June 27, 2006, plain-

tiff filed its reply, the supplemental declaration of Evan W. Granowitz and evidentiary objections to the declaration of James D. Henderson, Jr.[2]

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on July 5, 2006. Evan W. Granowitz, attorney-at-law with the firm Shulman Hodges & Bastian, appeared on behalf of plaintiff and James D. Henderson, Jr., attorney-at-law, appeared on behalf of defendants.

## BACKGROUND

On October 13, 2005, plaintiff served defendant Maynard Hal Garber ("Garber") with its first set of requests for admissions, and on November 16, 2005, Garber served his responses on plaintiff. Granowitz Decl., ¶ 2, Exh. 1. Thereafter, the parties discussed Garber's responses and, ultimately, on January 9, 2006, Garber served supplemental responses on plaintiff. Granowitz Decl., ¶¶ 3–7, Exh. 4. Defendant Garber did not again supplement his responses, although given an opportunity to do so. Granowitz Decl., ¶¶ 22–25, Exhs. 18, 20. Plaintiff now seeks to have admitted against Garber the following 62 requests for admissions: nos. 4, 5, 10, 11, 23–31, 76–83, 85–87, 103, 105, 108, 110, 123, 136, 138, 159, 176–177, 180–181, 187, 189–191, 197, 200–201, 206, 209, 213–218, 234, 236, 240–241, 245, 247–249, 261, 268 and 271.

On December 13, 2005, plaintiff served defendant Daniel Garber ("D.Garber"), defendant Garber's son, with its first set of requests for admissions, and on January 17, 2006, D. Garber served his responses on plaintiff. Granowitz Decl., ¶ 10, Exh. 7. D. Garber never supplemented his responses,

---

1. Defendants filed an ex parte application for an order taking plaintiff's motion off calendar, or, in the alternative continuing the hearing on the motion for several weeks, which the Court denied on June 20, 2006. Specifically, the Court finds that since plaintiff seeks to have requests for admissions deemed admitted, "the application of Local Rule 37, which requires a pre-filing conference to resolve discovery disputes, would serve no purpose; there is no discovery dispute for the parties to attempt to narrow or settle. Thus, ... plaintiff[ ] properly filed [its] motion[s] without complying with Local Rules 37–1 and 37–2." *In re Heritage Bond Litigation,* 220 F.R.D. 624, 626 (C.D.Cal.2004). Further, al-

though plaintiff improperly combined motions against six defendants into one consolidated motion, since those defendants are represented by the same counsel and, for the most part, those defendants responded to plaintiff's requests for admissions in a similar manner, judicial economy is served by having one consolidated motion and hearing. Finally, the Court finds defendants did not establish good cause to continue the date for the hearing on plaintiff's motion.

2. The Court overrules plaintiff's objections to Mr. Henderson's declaration.

although given an opportunity to do so. *Id.*, ¶¶ 11, 22–25, Exhs. 8, 18, 20. Plaintiff now seeks to have admitted against D. Garber the following 60 requests for admissions: nos. 13–21, 64, 66–71, 77, 91–93, 96, 98–100, 121–122, 139–140, 159–160, 163–164, 170, 172–174, 180–181, 188–189, 193–198, 211–213, 215–217, 219–220, 224, 226–228 and 233–234.

On December 12, 2005, plaintiff served its first set of requests for admissions on defendant Ricardo Rojas ("Rojas"), defendant Garber's attorney in Costa Rico, and on January 9, 2006, Rojas served his responses on plaintiff. Granowitz Decl., ¶ 8, Exh. 5. Rojas never supplemented his responses, although given an opportunity to do so. Granowitz Decl., ¶¶ 9, 22–25, Exhs. 6, 18, 20. Plaintiff now seeks to have admitted against Rojas the following 134 requests for admissions: nos. 11–13, 16–21, 75, 77, 86–89, 91–94, 96, 98, 101, 105, 107–112, 114–115, 118–126, 132–133, 136–177, 179–186, 188–191, 193–203, 207, 210–213, 216–229, 232–236, 239 and 242–243.

On March 8, 2006, plaintiff served its first set of requests for admissions on defendant Armi Garber ("A.Garber"), defendant Garber's wife, and on April 10, 2006, A. Garber served her responses on plaintiff. Granowitz Decl., ¶ 12, Exh. 9. A. Garber did not supplement her responses, although given the opportunity to do so. Granowitz Decl., ¶¶ 13, 22–25, Exhs. 10, 18, 20. Plaintiff now seeks to have admitted against A. Garber the following seven requests for admissions: nos. 401–402, 422 and 446–449.

Finally, on March 30, 2006, plaintiff served its first set of requests for admissions on defendants MCG Properties ("MCG") and CDG Partners ("CDG"), companies allegedly owned by defendant Garber and other defendants, and on May 4, 2006, plaintiff received responses from MCG and CDG. Granowitz Decl., ¶¶ 14–17, Exhs. 11–13. Plaintiff contends these responses are untimely and, thus, all requests for admissions should be deemed admitted, or, alternatively, as to MCG, plaintiff seeks to have admitted requests for admissions nos. 541–543, and as to defendant CDG, plaintiff seeks to have admitted requests for admissions nos. 533–535.

**DISCUSSION**

**I**

Rule 36 provides for requests for admissions as follows:

A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request.... [¶] Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualified or deny the remainder. **An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny**.... [¶] The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial

conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed.R.Civ.P. 36(a) (emphasis added).

The Advisory Committee Notes to the 1970 amendment to Rule 36 explain the purposes of the rule:

Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.

In short, "[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1982). "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936–37 (9th Cir.1994).

As the Ninth Circuit has further held: The Rule was amended in 1970 to adopt the majority view that a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2261, at 731 (1970). As the Advisory Committee's Note explains, the Rule is "in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process."

*Asea, Inc.*, 669 F.2d at 1245 (citation omitted). Thus,

Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. Such reasonable inquiry includes an investiga-

tion and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties.... The operative words then are "reasonable" and "due diligence."

*Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y.2003) (citations omitted); *T. Rowe Price Small–Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y.1997); *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y.1992). At a minimum, "a party must make inquiry of a third party when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party." *Uniden America Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 304 (M.D.N.C.1998).

Rule 36(a) "provides that a party may not give lack of information as a reason for failure to admit or deny 'unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.'" *Asea, Inc.*, 669 F.2d at 1246 (emphasis omitted). "It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. Since such a response does not comply with the literal requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted." *Id.* at 1245 (citation omitted). As the Ninth Circuit has further held:

[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in

fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Although the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge. The general power of the district court to control the discovery process allows for the severe sanction of ordering a matter admitted when it has been demonstrated that a party has intentionally disregarded the obligations imposed by Rule 36(a).

*Id.* at 1247.

## II

■ Plaintiff seeks to deem admitted certain requests for admissions that defendants Maynard Hal Garber, Daniel Garber and Ricardo Rojas ultimately responded to with either an "admit" or "deny" following boilerplate objections of relevancy, "fee shifting mechanism," legal conclusion and vague and ambiguous. The Court finds defendants' objections are not well taken and denies them for the reasons set forth in its previous decision. *See A.Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 188 (C.D.Cal.2006). Additionally, "Rule 36(a) [specifically] permits requests for admission addressing questions of mixed law and fact[,]" *Marchand,* 22 F.3d at 937 n. 4, and those requests for admissions regarding "residency" or other legal matters "address[ ] questions of mixed law

and fact." *See* Advisory Committee Notes to the 1970 amendment to Rule 36(a) (providing example of proper request for admission "an admission that an employee acted in the scope of his employment"). Finally, since *Rule 26(e)(2) requires a party to supplement a response to a request for admission* "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties during the discovery process or in writing," and since the parties agreed to allow defendants to supplement their responses, *see,* e.g., Granowitz Decl., ¶¶ 5–9, Exh. 3, there is no merit to plaintiff's argument that despite defendants' ultimate admission or denial of certain requests for admissions, those requests should, nevertheless, be deemed admitted solely because defendants initially improperly responded to them. Thus, the Court finds defendants have properly responded to the following requests for admissions, and plaintiff's motion is denied as moot as to these requests:

**Defendant Maynard Hal Garber**—requests nos. 4, 5, 10, 11, 76–83,[3] 85–87, 108, 110, 123,[4] 136, 176–177, 180–181, 197, 245 and 271;

**Defendant Daniel Garber**—requests nos. 64, 66–71, 77, 96, 98, 159–160, 163–164 and 224; and

**Defendant Ricardo Rojas**—requests nos. 75, 77, 96, 98, 167 and 201.

## III

■ After making their boilerplate objections, all defendants responded to numerous other requests for admissions by stating either they are "without sufficient information to either admit or deny th[e] request"[5] or

---

**3.** Plaintiff chose to voluntarily rewrite request for admission no. 77 to defendant Garber, breaking it in two requests, A and B, to which defendant Garber appropriately responded.

**4.** At oral argument, plaintiff noted defendant Garber had set forth his own definition of a phrase set forth in the request (and other requests), and then admitted the request; thus, plaintiff argued, the motion was not moot as to request no. 123 (and others). However, since plaintiff had not defined the phrase in the request, the Court finds defendant Garber could

properly give it a common and reasonable meaning and then respond to the request. Accordingly, the Court holds plaintiff's motion is moot as to request no. 123.

**5.** *See,* e.g., defendant Maynard Hal Garber's Response to Requests for Admissions nos. 103, 138, 213 and 240; and defendant Rojas's Response to Requests for Admissions nos. 193–198, 210–213, 225, 232–236, 239 and 243. Defendants Maynard Hal Garber, Daniel Garber, and defendant Rojas offered some explanation why they are "without sufficient information to either admit or

they are "without sufficient information to admit or deny th[e] request, as Responding Party does not recall...."[6] All of defendants' responses of insufficient information do **not** comply with Rule 36(a) since defendants do **not** state they "made a reasonable inquiry" to obtain the information needed to respond to these requests! Fed.R.Civ.P. 36(a); *Asea, Inc.,* 669 F.2d at 1247. Moreover, defendant Armi Garber failed to respond **at all** to requests for admissions nos. 446–449, leaving blank the spaces for her responses.

Here, all defendants have both close personal and business relationships with each other: Defendants Maynard Hal Garber, Daniel Garber and Armi Garber are father, son and mother in the same immediate family; defendant Rojas is, or was, defendant Maynard Hal Garber's personal attorney in Costa Rica; defendant Daniel Garber, defendant Maynard Hal Garber's son, took over the operations of defendant Maynard Hal Garber's BC Sports betting business from his father; and defendants MCG and CDG are, or were, businesses owned and operated by defendant Maynard Hal Garber. Finally, of course, all defendants are represented by the same counsel in this litigation and have a common interest against plaintiff.[7] Considering the close personal, business and litigation relationship between defendants, the failure of each defendant to comply with Rule 36(a) and to make a reasonable inquiry that includes, at a minimum, an inquiry of the other defendants represented by the same counsel, is a clear "evasion" of that party's obligations under Rule 36(a). *Asea, Inc.,* 669

F.2d at 1247; *Uniden America Corp.,* 181 F.R.D. at 304. Moreover, the failure of defendants Maynard Hal Garber, Daniel Garber and Rojas to make a reasonable inquiry to obtain information is especially galling when they claim they do "not recall"—since that response clearly implies that, at one time, they possessed the necessary information to respond to the requests for admissions and have now chosen not to refresh their recollections. *See Asea, Inc.,* 669 F.2d at 1246 ("The discovery process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned.").

### Defendant Maynard Hal Garber:

This Court previously admonished defendant Garber of his need to conduct a "reasonable inquiry" when responding to plaintiff's discovery requests, and sanctioned him for failing to do so. *See A. Farber,* 234 F.R.D. at 189–90, 194–95. Yet, neither defendant Garber nor his counsel has taken the Court's admonishment seriously. Instead, defendant Garber has continued to ignore his duty to conduct a "reasonable inquiry" into the bases for his discovery responses and, despite being given an opportunity to further supplement his responses, has failed to properly respond to numerous requests for admissions propounded over seven months ago. Rather, defendant Garber's responses and supplemental responses are evasive and incomplete, and fail to demonstrate that he made any inquiry—let alone a reasonable inquiry—into the factual bases for his responses. *See,* e.g., *Asea, Inc.,* 669 F.2d at 1245 ("It is ... clear

deny" various requests, but still do not represent they made any inquiry—let alone a reasonable inquiry to obtain information to respond. *See,* e.g., defendant Rojas' responses to Requests nos. 11 and 12 that he "has never met Armi Garber and has no knowledge of how she was known"; whereas, defendant Armi Garber admitted being known by several names in addition to Armi Garber. Thus, as plaintiff aptly notes, defendants did not even make a reasonable inquiry of their codefendants to obtain information to respond to plaintiff's requests for admissions.

6. *See,* e.g., defendant Maynard Hal Garber's Supplemental Response to Requests for Admissions nos. 159, 201, 214–18, 261 and 268; defendant Daniel Garber's Response to Requests for Admissions nos. 180–181 and 193–198; and defendant

Rojas's Response to Requests for Admissions no. 182–183.

7. Defendant Rojas' disingenuous claim that he "should not simply admit to facts to which he has no personal knowledge regarding BC Sports when facing RICO allegations based, in part, on BC Sports' and CRIS' activities[,]" Oppo. at 8:12–14, is specious in light of defendant Rojas' representation in this matter by the **same** counsel who represent defendants Maynard Hal Garber, Daniel Garber, and Armi Garber and Garber's corporations. If there is no conflict of interest for the same counsel to represent all defendants, clearly any defendant should be able to inquire of any other defendant to obtain information to answer plaintiff's requests for admissions.

that an evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission."). Under these circumstances, the Court grants plaintiff's motion to deem admitted the following requests for admissions to defendant Maynard Hal Garber: nos. 23–31, 103, 105, 138, 159, 187, 189–191, 200–201, 206, 209, 213–218, 234, 236, 240–241, 247–249, 261 and 268.

**Defendants Daniel Garber, Ricardo Rojas and Armi Garber:**

■ Given that defendant Armi Garber failed to respond at all to requests for admissions nos. 446–449, the Court grants plaintiff's motion as to those requests and deems them admitted. Fed.R.Civ.P. 36(a); *Asea, Inc.*, 669 F.2d at 1245.

■ As discussed above, defendants Daniel Garber, Rojas and Armi Garber did not comply with Rule 36(a) in that they failed to make a "reasonable inquiry" to respond to many of plaintiff's requests for admissions. However, since these defendants have not previously been admonished by the Court for their abusive discovery tactics, the Court will exercise its discretion to allow them to supplement their responses to the following requests:

**Defendant Daniel Garber**—requests nos. 13–21, 91–93, 99–100, 121–122, 139–140, 170, 172–174, 180–181, 188–189, 193–198, 211–213, 215–217, 219–220, 226–228 and 233–234;

**Defendant Ricardo Rojas**—requests nos. 11–13, 16–21, 86–89, 91–94, 101, 105, 107–112, 114–115, 118–126, 132–133, 136–166, 168–177, 179–186, 188–191, 193–200, 202–203, 207, 210–213, 216–229, 232–236, 239 and 242–243; and

**Defendant Armi Garber**—requests nos. 401–402 and 422.

To assure defendants Daniel Garber, Rojas and Armi Garber conduct a "reasonable inquiry" as required by Rule 36(a), they shall attach to their supplemental responses declarations setting forth in detail the nature of the "reasonable inquiry" they made to supplement their responses.

**Defendants MCG Properties and CDG Partners:**

■ It is undisputed that plaintiff mailed its requests for admissions to defendants MCG and CDG on March 30, 2006, and plaintiff received the responses from those defendants on May 4, 2006. Granowitz Decl., ¶¶ 14–19, Exhs. 11–16; Henderson Decl., ¶ 6. Under Rule 36(a), the responses were due within 30 days, or no later than May 2, 2006. Here, counsel for defendants MCG and CDG claims he completed these defendants' responses after normal business hours on May 2, 2006, and placed them in the mail room of his office to be mailed out; however, the postage meter was not operated again until the next day, May 3, 2006, when the responses actually were mailed to plaintiff, who received them on May 4, 2006. Henderson Decl., ¶ 6; Granowitz Decl., ¶ 19, Exh. 16. Thus, it is clear that the responses of defendants MCG and CDG were not timely.

Nevertheless, given the minimal tardiness involved, and since plaintiff cannot show it has been prejudiced by the two-day delay, the Court declines to find the two-day tardiness to be grounds to grant plaintiff's motion that all 1267 requests for admissions to defendants MCG and CDG be deemed admitted; thus, plaintiff's motion should be denied. *See* Fed.R.Civ.P. 36(a) ("The matter is admitted unless, within 30 days after service of the request, or *within such shorter or longer time as the court may allow* ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter...." (emphasis added)); *Nguyen v. CNA Corp.*, 44 F.3d 234, 242–43 (4th Cir.1995) (district court did not abuse discretion in refusing to deem admitted requests for admission when responses were one day late, given minimal delay and circumstances surrounding delay).

As an alternative to having all of the responses of defendants MCG and CDG deemed admitted as untimely, plaintiff seeks to have six requests for admissions to which defendants MCG and CDG improperly claimed they are "without sufficient information" deemed admitted. For the reasons discussed above, the Court finds defendants

MCG and CDG did not make a "reasonable inquiry" before responding to these requests and, thus, defendants MCG and CDG did not comply with Rule 36(a). However, the Court will again exercise its discretion to allow defendants MCG and CDG to supplement their responses to those six requests for admissions. Specifically, defendant MCG shall supplement its responses to requests for admissions nos. 541–543 and defendant CDG shall supplement its responses to requests for admissions nos. 533–535, and defendants MCG and CDG shall attach to their supplemental responses declarations setting forth in detail the nature of the reasonable inquiry they made.

## IV

■ Grounds exist to grant plaintiff's motion for attorney's fees under Rule 37(a)(4)(A). Fed.R.Civ.P. 36(a). The Court, pursuant to Fed.R.Evid. 201, takes judicial notice of the declaration previously filed by Evan W. Granowitz, an associate in the law firm Shulman Hodges & Bastian, to support the Court's award of attorney's fees to plaintiff on March 15, 2006. Specifically, the Court finds that Mr. Granowitz's hourly rate in this matter was $141.00 per hour in 2005 and is $150.00 per hour in 2006. Mr. Granowitz has provided billing information that he spent 35.9 hours preparing the pending motion (10.8 hours in 2005 and 25.1 hours in 2006), 27.7 hours preparing plaintiff's reply,[8] and estimates spending 5 additional hours traveling to and appearing at the hearing on this matter. Granowitz Decl., ¶ 28, Exh. 23; Supp. Granowitz Decl., ¶ 8, Exh. 32. Thus, plaintiff is awarded attorney's fees in the total amount of $10,192.80.

## ORDER

1. Plaintiff's motion **is denied** as moot regarding the following requests for admissions:

**Defendant Maynard Hal Garber**—requests nos. 4, 5, 10, 11, 76–83, 85–87, 108, 110, 123, 136, 176–177, 180–181, 197, 245 and 271;

**Defendant Daniel Garber**—requests nos. 64, 66–71, 77, 96, 98, 159–160, 163–164 and 224; and

**Defendant Ricardo Rojas**—requests nos. 75, 77, 96, 98, 167 and 201.

2. Plaintiff's motion to deem admitted the following requests for admissions to **defendant Maynard Hal Garber is granted**: requests nos. 23–31, 103, 105, 138, 159, 187, 189–191, 200–201, 206, 209, 213–218, 234, 236, 240–241, 247–249, 261 and 268.

3. Plaintiff's motion to deem admitted the following requests for admissions to **defendant Daniel Garber is denied without prejudice** to renewal if defendant Daniel Garber does not properly supplement his responses: requests nos. 13–21, 91–93, 99–100, 121–122, 139–140, 170, 172–174, 180–181, 188–189, 193–198, 211–213, 215–217, 219–220, 226–228 and 233–234. No later than ten (10) days from the date of this Order, defendant Daniel Garber shall provide to plaintiff supplemental responses to the foregoing requests, and shall attach to the supplemental responses a declaration setting forth in detail the nature of the reasonable inquiry he made under Rule 36(a) to obtain information to respond to the requests for admissions.

4. Plaintiff's motion to deem admitted the following requests for admissions to **defendant Ricardo Rojas is denied without prejudice** to renewal if defendant Ricardo Rojas does not properly supplement his responses: requests nos. 11–13, 16–21, 86–89, 91–94, 101, 105, 107–112, 114–115, 118–126, 132–133, 136–166, 168–177, 179–186, 188–191, 193–200, 202–203, 207, 210–213, 216–229, 232–236, 239 and 242–243. No later than ten (10) days from the date of this Order, defendant Ricardo Rojas shall provide to plaintiff supplemental responses to the foregoing requests, and shall attach to the supplemental responses a declaration setting forth in detail the nature of the reasonable inquiry he made under Rule 36(a) to obtain information to respond to the requests for admissions.

---

**8.** The Court finds 0.4 hours attributed to a subpoena to "electric lightwave" appear unrelated to the requests for admission.

5. Plaintiff's motion to deem admitted the following requests for admissions to **defendant Armi Garber is granted**: requests nos. 446–449.

6. Plaintiff's motion to deem admitted the following requests for admissions to **defendant Armi Garber is denied without prejudice** to renewal if defendant Armi Garber does not properly supplement her responses: requests nos. 401–402 and 422. No later than ten (10) days from the date of this Order, defendant Armi Garber shall provide to plaintiff supplemental responses to the foregoing requests, and shall attach to the supplemental responses a declaration setting forth in detail the nature of the reasonable inquiry she made under Rule 36(a) to obtain information to respond to the requests for admissions.

7. Plaintiff's motion to deem admitted as untimely all requests for admissions to **defendants MCG Properties and CDG Partners is denied**.

8. Plaintiff's motion to deem admitted requests for admissions nos. 541–543 **to defendant MCG Properties is denied without prejudice** to renewal if defendant MCG Properties does not properly supplement its responses. No later than ten (10) days from the date of this Order, defendant MCG Properties shall provide to plaintiff supplemental responses to the foregoing requests, and shall attach to the supplemental responses a declaration setting forth in detail the nature of the reasonable inquiry it made under Rule 36(a) to obtain information to respond to the requests for admissions.

9. Plaintiff's motion to deem admitted requests for admissions nos. 533–535 to **defendant CDG Partners is denied without prejudice** to renewal if defendant CDG Partners does not properly supplement its responses. No later than ten (10) days from the date of this Order, defendant CDG Partners shall provide to plaintiff supplemental responses to the foregoing requests and shall attach to the supplemental responses a declaration setting forth in detail the nature of the reasonable inquiry it made under Rule 36(a) to obtain information to respond to the requests for admissions.

10. Plaintiff's request for attorney's fees under Rule 37(a)(4)(A) **is granted**, and defendants and their counsel, jointly and severally, shall pay reasonable attorney's fees to plaintiff in the amount of $10,192.80, no later than ten (10) days from the date of this Order.